UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62495-JMS
(Consent Case)

**EDWARD MAGDYCZ,** o/b/o
KRISTEN ANTOINETTE CARROLL,

    Plaintiff,

v.

**KILOLO KIJAKAZI**[1],
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING UNOPPOSED MOTION
## FOR ENTRY OF JUDGMENT WITH REMAND

**THIS MATTER** comes before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand ("Motion") (DE 21) requesting remand of this cause for further proceedings under sentence four of 42 U.S.C. § 405(g). The parties have consented for the undersigned to "conduct any and all further proceedings in the case[, including] entry of [final] judgment." (DE 16). On December 4, 2020, Plaintiff filed his complaint seeking review of Defendant's denial of Disability Insurance Benefits under Title II of the Security Act. (DE 1). On May 21, 2021, Defendant filed an Answer and transcripts. (DE 12; DE 13). Plaintiff filed his Motion for summary judgment on July 21, 2021, which remains pending. (DE 18). Defendant

---

[1] Defendant notes that "Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." (DE 21 at n.1).

filed the instant Motion on September 3, 2021 requesting the Court to enter a final judgment[2] pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision and remanding this case to the Commissioner.  (DE 21).

Sentence Four of 42 U.S.C. § 405(g) authorizes a district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  To remand under Sentence Four of § 405(g), the Court must find that "the decision is not supported by substantial evidence, or that the Commissioner [or the Administrative Law Judge] incorrectly applied the law relevant to the disability claim."  *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).  Here, reversal and remand are necessary because Defendant concedes that reconsideration is required.  (DE 21).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion (DE 21) is **GRANTED**;
2. The decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings under 42 U.S.C. § 405(g) as follows:
    a. On remand, an administrative law judge ("ALJ") will further evaluate the case and issue a new administrative decision.
    b. Specifically, on remand, the ALJ will give further consideration to the opinion evidence of record, give further consideration to Plaintiff's maximum residual functional capacity, and, if warranted, obtain supplemental evidence from a

---

[2] "[I]t is preferable that [a final] judgment be entered separately."  *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 855 (11th Cir. 2019).

>   vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base;

3. The **CLERK** is directed to **CLOSE** this case;

4. All pending motions are **DENIED** as **MOOT**; and

5. The Court will separately enter a Final Judgment.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of September 2021.

*[signature]*
Jared M. Strauss
**United States Magistrate Judge**

Copies provided to counsel of record via CM/EFT.